ALFRED S. ROSENFELD *vs.* STANDARD BOTTLING AND EXTRACTS COMPANY.

Suffolk. December 5, 1918. — February 27, 1919.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Frauds, Statute of,* Contract not to be performed within a year. *Contract,* Substitution.

In an action for the breach of an alleged contract to pay the plaintiff $25 a week, the defendants set up R. L. c. 74, § 1, cl. 5, alleging that the contract was one not to be performed within one year and that it was not in writing nor evidenced by a memorandum in writing signed by the defendant. It appeared that the plaintiff and the defendant had made a memorandum in writing signed by both of them, that by it the plaintiff was to act as travelling salesman for the defendant in certain designated territory and was to receive $25 a week and necessary travelling expenses and also was to receive one third of the profits on all sales of a certain item, that this agreement was for less than one year, and might be continued under certain conditions for three to five years, that this agreement continued and was performed by the parties for one and a half years, when the defendant agreed orally that the plaintiff might discontinue to travel and that the defendant would continue to pay him the sum of $25 a week for the unexpired portion of the contract, which was a period of five years from a certain day, that the plaintiff, in consideration thereof, agreed to waive his right to have an accounting and to allow the defendant "to keep his (the plaintiff's) formulae and trade names." By the original contract the plaintiff had made no agreement to furnish any formulae or trade names and they were not mentioned. *Held,* that the original contract was abandoned by the parties and that the new oral agreement did not leave the original contract in force with certain of its provisions waived nor could it be regarded as an agreement for a substituted performance of the original contract, being in fact a

substituted contract, and that the plaintiff could not recover on it because by its terms it was not to be performed within one year and was not in writing nor evidenced by a memorandum in writing.

CONTRACT as alleged below.   Writ dated October 11, 1916.

The declaration, as amended, was as follows:

"Count 1.   And the plaintiff says that the defendant owes him the sum of $625, according to the account hereto annexed, marked Exhibit A, with interest thereon from the due date of each payment.

A

Standard Bottling & Extracts Co.,

to

A. S. Rosenfeld, Dr.

Twenty-five payments of $25, the first coming due on April 15, 1916, and one each and every week thereafter up to and including October 7, 1916, in accordance with agreement of June 13, 1914.

"Count 2.   And the plaintiff says that the defendant agreed to pay him the sum of $25 a week for the unexpired period of a contract in writing between them dated June 13, 1914, in consideration of the plaintiff's agreeing to waive an accounting under said contract, and to accept the said payment in full satisfaction of all his rights under his contract; and the plaintiff says that he did all things by him to be done in accordance with said agreement, but that the defendant neglected and refused to pay him the agreed sum after the payment of April 15, 1916, having made all payments up to said date; wherefore, the defendant owes him the sum of $625, being twenty-five payments of $25, which accrued and became due and payable on and after said April 15 up to and including October 7, 1916, together with interest thereon from the due date of each said respective payments.

"Count 3.   And now comes the plaintiff in the above entitled action and says that on or about the 13th day of June, 1914, he entered into a contract with the defendant evidenced by a memorandum in writing, whereof a copy is hereunto annexed marked exhibit A; that he was at all times ready, willing and able to perform and did perform all the conditions, covenants and obligations under the terms of said contract by him to be performed except such as were excused of performance by the defendant, but that the defendant has failed to perform conditions, covenants and

obligations by it to be performed in that it has failed and refused to pay to him the sum of Twenty-five ($25.00) dollars per week as in said contract provided, beginning with the payment coming due on April 15, 1916, and each payment coming due thereafter all to the great damage of the plaintiff.

"Count 4. And now comes the plaintiff in the above entitled action and says that on or about the 13th day of June, 1914, he entered into a contract with the defendant, whereof a memorandum in writing is hereunto annexed marked exhibit A; that subsequently thereto the said contract was modified orally whereby in consideration of the plaintiff's waiving an accounting for all profits prior to the date of said oral agreement coming to him under the said contract in writing, and the giving to the defendant by the plaintiff of the right to use certain formulas then owned by the plaintiff for the making of products used by the defendant in its business, the defendant agreed to pay the plaintiff the contract sum of Twenty-five ($25.00) dollars per week for the unexpired portion of the contract, to wit: five (5) years from January 1, 1915, and released the plaintiff from any and all obligations to solicit orders for the sale of the defendant's products as in the written contract contemplated; that the plaintiff has at all times been ready, willing and able to perform all the conditions, covenants and obligations by him to be performed under the said modified contract, but that the defendant has failed to perform the conditions, covenants and obligations by it to be performed in that it has failed and refused to pay the said sum of Twenty-five ($25.00) dollars per week from and including the payment coming due on April 15th, 1916, all to the great damage of the plaintiff.

A

"Memorandum of Agreement between the Standard Bottling & Extract Co. and A. S. Rosenfeld.

| | |
|---|---|
| Length of Agreement. | Ending January 1st, 1915. |
| Territory. | Pennsylvania except customers heretofore sold held by Standard Bottling & Extract Co. in Penn., Ohio, Indiana, Illinois, Michigan. |
| Compensation. | 50% above cost on direct orders from A. S. R.; 33 1/3% on orders by mail or otherwise. |

| | |
|---|---|
| Method of figuring costs. | Cost of container (only) plus 10% added to cost of ingredients put together. |
| Salary and travelling expenses. | $25.00 per week and necessary travelling expenses to be charged against A. S. R. Profit a/c and deducted from same at expiration of agreement. |
| Continuation of agreement for 3 to 5 years. | Providing A. S. R. salary and travelling expenses is fully covered by his profits on sales in his territory and sales on Iron Bock. |
| Iron Bock Sales. | A. S. R. to receive 1/3 profits on all sales of this item. |

> Standard Bottling and Extract Co.,
> O. A. Atkins, Treas.
> Alfred S. Rosenfeld."

The answer as amended contained the following:

"And the defendant further answering says that, if there was a contract entered into between the plaintiff and the defendant as set forth in the plaintiff's declaration, it was an agreement that is not to be performed within one year from the making thereof, and that the said promise, contract or agreement upon which this action is brought, or some memorandum or note thereof, is not in writing and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized."

In the Superior Court the case was tried before *Sanderson,* J. The material evidence and the portion of the judge's charge excepted to by the defendant are described in the opinion. The jury returned a verdict for the plaintiff in the sum of $761.33; and the defendant alleged exceptions.

*C. H. Baldwin,* for the defendant.

*Lee M. Friedman,* for the plaintiff.

RUGG, C. J. The parties hereto made a contract respecting which they both signed a "Memorandum of Agreement," as printed above on pages 241, 242. The plaintiff testified that in 1916, after the parties had continued in the performance of their agreement for more than a year and a half, "the defendant agreed that the plaintiff might discontinue to travel and that the defendant would continue to pay him the sum of Twenty-five ($25.00) dollars a week for the unexpired portion of the contract, and that the plaintiff in consideration thereof agreed to waive his right to have an

accounting, and agreed to allow the defendant to keep his (the plaintiff's) formulae and trade names."

The judge in his charge stated in substance that the plaintiff claimed as the basis of his action that he was suing on the original contract manifested by the memorandum in writing, but that at some time certain things that he was required to do were waived by mutual agreement, leaving unimpaired the remaining part of the agreement to pay the plaintiff $25 per week; "and the plaintiff is suing, as he says, on this contract, claiming that it was continued, first, for the period of five years; and claiming, secondly, that there was an oral modification which resulted in the waiving of certain things which each was to do, but leaving in the agreement the provision of the contract to pay the $25 a week; in other words, he is suing on so much of this contract, claiming he is entitled to recover under it because the parties made this mutual agreement, the other provisions of it having been waived.  If you find that that is the fact, then although the contract could only have been completed within the three or five-year period which is within the statute of frauds, if there was this oral modification of this contract on which he is suing, and all the terms that he is seeking to recover for are in this contract, then he may recover notwithstanding the statute of frauds, because he has here a writing that provides for the payment of $25 a week for a certain period; but to entitle him to do that he would have to prove by a fair preponderance of the evidence that the other terms of the contract, as to continuing to travel, etc., have been waived, his claim being, as I understand it, that they were waived in consideration of his agreement to waive the right to have an accounting, and in consideration of his agreement to allow them to use his formulas."  Exception was seasonably taken to this portion of the charge.

Comparison of the present claim of the plaintiff with the memorandum of agreement shows that, by virtue of the subsequent oral modifications, there is nothing left of the original contract.  The territory is eliminated because the plaintiff no longer is to travel and is no longer to be paid in proportion to his sales.  The compensation is stricken out because the payment of the plaintiff after the modification was not further dependent upon his orders sent directly or by mail.  For the same reason the reference to "Iron

Bock Sales" is now nugatory. The continuation of agreement for a period of three or five years contingent upon his salary and travelling expenses being fully covered by the profits on his own sales and the sales of "iron bock" is now of no force, because it has been supplanted by an express oral agreement for five years. The plaintiff testified and the judge charged that the defendant was to continue to pay the plaintiff $25 per week as if that were a term of the original memorandum. That stipulation of the original memorandum was not a payment to be made definitively as compensation for the services to be rendered by the plaintiff. It was a payment in effect by way of advancement, but was to be charged against the plaintiff and deducted from his profits on the sales on which his ultimate compensation rested. The services required by the memorandum of agreement to be rendered by the plaintiff were changed. By that he was to travel to sell goods. It is not clear whether he was to do anything by way of performance of services under the modified arrangement. The memorandum of agreement contained no obligation on the part of the plaintiff to deliver to the defendant formulae and trade names, although the plaintiff testified that they "were included in the agreement." It is not certain from the exceptions whether this meant the original or only the substituted agreement. It was a provision, however, of the modified arrangement that the defendant was to keep these formulae and trade names.

This analysis of the stipulations of the memorandum of agreement and comparison of them with the contract on which this action is brought demonstrates that they have nothing in common. Under the modified arrangement the rights and obligations of both parties were changed in substantial particulars. The payment of $25 a week to the plaintiff by the defendant bears a superficial resemblance in the two arrangements, but its real foundation is quite different under each of them. The whole matter of accounting as a basis of salary in the original memorandum is wiped out and a fixed salary is substituted. The obligations of the plaintiff under the two are utterly different. The defendant has the use of formulae and trade names about which the original memorandum is silent except in a quite different connection. The term of the original memorandum was one year with provisional extension dependent upon profits to three or five

years. The term of the contract sued on is definitely fixed at five years.

It is apparent that the contract was within the statute of frauds because not to be performed within a year, and hence that it or a memorandum thereof must be in writing. R. L. c. 74, § 1, cl. 5. That is conceded. It is contended, however, that the case at bar, as was said by Mr. Justice Hoar in *Whittier* v. *Dana,* 10 Allen, 326, at page 327, "is governed by the decisions of this court in *Cummings* v. *Arnold,* 3 Met. 486, and *Stearns* v. *Hall,* 9 Cush. 31; in both of which the doctrine was recognized and affirmed, that where a written contract within the statute of frauds has been varied by a subsequent parol agreement, affecting the mode of performance only, the action can be maintained only upon the written contract; because to allow a party to sue partly on a written and partly on an oral agreement would be in direct contravention of the statute. But it was further held in *Cummings* v. *Arnold* that, in defence to an action on the written contract, the defendant may show that he has performed it according to an oral agreement for a substituted performance, or, being ready to do so, was prevented by the act of the plaintiff. And in *Stearns* v. *Hall* a plaintiff who declared upon the original contract in writing was allowed to prove, in answer to the defence that he had not performed the contract according to its terms, that a different performance had been agreed to be substituted by parol, and that he had performed or had been ready to perform the substituted agreement." The collation of the terms of the original memorandum of agreement and of the one here in suit already made demonstrates that the principle announced in those cases will not sustain the present action. There is here no substituted performance of the original contract, but a substituted contract. As a substituted contract it cannot support the present action, because it is not in writing and its essential features are not manifested by a memorandum in writing.

Since the contract at bar can stand only provided it constitutes a compliance with the statute of frauds, the principle that a written contract may be modified by subsequent oral agreement has no pertinency.

It becomes unnecessary to discuss the questions of evidence.

*Exceptions sustained.*