Welsh, J.
This is a complaint seeking to establish a mechanic’s lien. G.L.c. 254, §5.
The defendant, Lorraine Kelley-Alessi (hereinafter, owner) entered into a contract with Suburban Builders Corp. (hereinafter, builder), whereby Suburban agreed to furnish the labor and materials for the construction of á dwelling on land owned by Kelley-Alessi in Sharon, Massachusetts. Suburban engaged National Lumber Company (hereinafter, supplier), whereby National supplied the building materials used for the Kelley-Alessi project. A written credit application was executed by the contractor agreeing to pay the balance due for materials furnished each month by the 10th of each month, and to pay a late charge if delinquent. The document was not signed by the supplier. Materials were delivered to Suburban pursuant to the application.
The court allowed defendant Kelley-Alessi’s motion for summary judgment and ordered the dissolution of the mechanic’s lien.
There was no prejudicial error.
The mechanic’s lien is wholly the creature of statute and strict compliance with the provisions of the statute is required. Valentine Lumber & Supply Co. v. Thibeault, 336 Mass. 411, 413 (1955). A written contract is essential to the validity of the lien. Lampasona v. Capriotti, 296 Mass. 34, 37 (1936). In Gettens Electrical Supply Co. v. W.R.C. Properties, Inc., 21 Mass. App. Ct. 658 (1986), the plaintiff sought to satisfy the requirement of a written contract by submitting a number of purchase orders or invoices. The Appeals Court held that the requirement of a written contract referred to in Section 4 of c. 254 implied a writing between the material supplier and-the contractor to whom the materials were supplied, imposing an obligation to famish the materials. In this regard, the court stated:
... We think that the provision in §4 that the notice of contract be of a ‘written contract,’ means an entire and continuing arrangement in writing between a supplier and a subcontractor, as, for example, a requirements contract satisfying G.L.c. 206, §2-306. It does not mean to us merely a series of purchase orders and invoices issued from time to time (without any pre-existing written agreement imposing on either the supplier or the subcontractor, or both of them, an obligation to issue or to receive any such orders or invoices ... (emphasis supplied).
Id. at 660, 661. The court held that no lien was established.
In the case sub judice, the supplier seeks to satisfy the requirement of a written contract by the application for credit signed by Suburban. This document, when viewed either independently or in conjunction with the fact that materials were furnished by National, does not fulfill the requirement of a written contract as contained in Section 4 of c. 254. It clearly did not evidence an entire and continuing relationship in writing between National and Suburban with regard to the Kelley-Alessi contract because National did not sign the document. In fact, the amount of credit applied for was $5,000, which was substantially less than the nearly $26,800 which is the claimed unpaid balance.
*153 Since the materials submitted fail as a matter of law to establish a written contract as required by Section 4 of c. 254, we need not consider whether the notice given to the owner was either timely or legally sufficient, or whether the bald denial of receipt of timely notice in the affidavit to Ms. Kelley-Alessi was sufficient to raise a genuine issue of material fact so as to defeat her motion for summary judgment.
There never was any contract between National (supplier) and Kelley-Alessi (owner) and therefore no liability attaches based upon a theory of express contract. Nor do the circumstances warrant imposition of liability in quantum meruit since the plaintiff is asserting its rights by virtue of an express contract with a third party. See Kennedy v. B.A. Gardetto, Inc., 306 Mass. 212, 216 (1940).
The docket does not reflect any express determination under Rule 54(b), Dist./Mun. Cts. R. Civ. R that final judgment should be awarded disposing of fewer than all of the claims asserted. In this case, such error is of no consequence and was non-prejudicial beyond doubt.
There being no prejudicial error, the appeal is dismissed.
So ordered.