Kern, Leila R., J.
The plaintiff, Michael G. Deluca, brought suit against the defendants alleging breach of contract, fraud and a violation of G.L.c. 93A. Deluca’s claims stem from a foreclosure auction at which he purchased a properly held by the defendants as mortgagees. The defendants rescinded the sale after they discovered that the defaulted borrowers had submitted funds to reinstate their mortgage. Deluca moved for summary judgment on the issue of the defendants’ liability for breach of contract. For the reasons that follow, the plaintiffs Motion for Summary Judgment is ALLOWED.
BACKGROUND
Michael Deluca is a professional real estate developer operating in and around the Haverhill, Massachusetts, area. Sometime before January 11, 2006, Deluca learned that a foreclosure sale would take place at 12:00 p.m. on January 11,2006. The properly was located at 11 Haseltine Drive, Haverhill, Massachusetts. U.S. Bank held the mortgage as trustee for the lender, Structured Asset Investment Trust. Deluca attended the foreclosure auction on January 11,2006, and won with a final bid of $265,000. The auctioneer, as agent for the defendants, executed a Memorandum of Sale of Real Estate with Deluca in exchange for a $5,000 deposit.
During the week prior to the auction, the borrowers’ agent, CherylAnn Morris, contacted Option One, U.S. Bank’s mortgage servicer. On January 9, 2006, Morris called Option One and asked if it had cancelled the foreclosure sale. Option One advised that the sale had not been cancelled because it required a non-refundable deposit of $4,977.23 and accompanying paperwork to stop the foreclosure proceedings. It also advised Morris that she needed to send the money and paperwork before the time of sale, 12:00 p.m. EST, and allow enough time for Option One to contact its attorney with orders to stop the sale. Option One clearly stated that it could not guarantee that the sale would be stopped.
Morris contacted Option One again on January 10, 2006, seeking to prevent the foreclosure sale. Option One advised that its attorney’s office had already closed for the day, that the sale was set to take place the next day and that it had not received the deposit or the paper work. Option One’s records indicate that it advised one of its agents to follow up with the borrowers in the morning and to attempt to stop the sale if the funds arrived before 12:00 p.m. EST. The records also show that Option One advised Morris numerous times that it could not guarantee that the sale would be postponed.
On January 11, 2006, Morris again contacted Option One. She reported that the borrowers intended to wire funds to Option One that morning. At the time she spoke to Option One, she had no proof of the wire transfer and was advised that without proof of the transfer of funds the sale could still take place. Following that conversation, the account log states, “Please proceed with the sale setfor today.” As of 12:00 p.m. EST, Option One had no funds from the borrowers in its cash database and had not received a phone call to confirm that the borrowers had wired funds. Sometime on January 11, 2006, Option One received a voicemail from the borrower’s agent advising a wire transfer had been made. The account log states that the funds must be returned because Option One did not have the borrower’s paper work. The final entry in the account log states: “Customer was advised in several conversations what needed to be done and without the processing having been completed we could not stop the sale.” Option One’s records show that it received a wire transfer of $4,977.23 from the borrowers at 10:54 a.m. PST (1:54 p.m. EST).
Shortly after Deluca signed the Memorandum of Sale, he received a phone call from U.S. Bank’s attorney, Korde and Associates, informing him that U.S. Bank may have received reinstatement funds from the *253 borrowers and might rescind the sale. On Januaiy 13, 2006, Deluca received a letter from Korde and Associates, stating the same. U.S. Bank never delivered to Deluca the deed to the property.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); DuPont v. Commissioner of Corr., 448 Mass. 389, 397 (2007). It is the moving party’s burden to affirmatively demonstrate the absence of a triable issue, and that the summary judgment record entitles him to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Fles-ner v. Technical Commc'ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
When reviewing a summary judgment record, the court must credit well-pleaded facts in the light most favorable to the non-moving party. Williams v. Hartman, 413 Mass. 398, 401 (1992). Bare assertions of inferences, however, raise no genuine issue of material fact so as to defeat summary judgment. Federal Deposit Ins. Corp. v. Csongor, 391 Mass. 737, 742-43 (1984); First Nat Bank of Boston v. Slade, 379 Mass. 243, 246 (1979) (neither vague allegations and conclusoiy statements, nor assertions of inferences not based on underlying facts will suffice to demonstrate genuine triable issue on motion for summary judgment).
I. Breach of Contract
Deluca claims that he is entitled to summary judgment because the defendants were not permitted to rescind the Memorandum of Sale contract. Both parties argue that this issue is resolved by applying the Massachusetts redemption statute, G.L.c. 244, §18 et seq.; however, the redemption statute is not controlling. [1] Both parties also submitted Option One’s borrower account log in support of their respective positions. The log clearly states that the sale would go forward if the borrowers did not submit the reinstatement funds or proof of payment of the reinstatement funds along with the required paper work prior to the foreclosure sale. There is no dispute that Option One did not receive proof that the funds had been submitted nor did they receive the funds into their cash database until after Deluca won the auction and the parties signed the Memorandum of Sale. It never received the required paper work.
The defendants claim that they are permitted to rescind the agreement in exchange for returning Deluca’s deposit because the Memorandum of Sale states: “In the event that the Seller is unable to deliver a foreclosure deed, then the only obligation of Seller shall be to return deposit monies ... all obligations between the parties shall cease without further recourse of any kind either at law or in equity.” Deluca argues that the defendants cannot show that they were unable provide the deed. There is no dispute that the borrowers knew that Option One needed to receive the reinstatement funds before the sale. In addition, the defendants admit that Option One did not receive the funds until after the sale was completed. This court finds that the defendants had no obligation to accept the reinstatement funds after the sale, and by choosing to accept those funds they caused the condition wherein they were “unable” to deliver the deed.
This so-called “escape clause” has been consistently interpreted by the courts to apply where “it turns out that without fault on the part of the [sellers] subsequent to the execution of the contract they have defective title, then, after refunding payments made, all obligations of both parties shall cease.” Berry v. Nardozzi, 362 Mass. 145, 149 (1972), quoting Old Colony Trust Co. v. Chauncy, 214 Mass. 271, 273 (1913). Here, the defendants argue that they were obligated to rescind the contract because Option One told the borrowers that it would accept reinstatement funds prior to the auction, as required by law. This argument fails for two reasons: (1) Option One did not receive the reinstatement funds until after the foreclosure sale and never received the required paper work; and, (2) the redemption statute does not apply to reinstatement funds. The defendants have not offered any other explanation for their contention that they were required to accept the post-auction reinstatement funds. On these facts, the above stated provision does not relieve the defendants of their contractual obligations to Deluca and their rescission is a breach of contract.
II. Oral Modification of the Contract
The defendants argue, in the alternative, that Deluca agreed to an oral modification of the contract allowing the defendants to rescind if the borrowers submitted reinstatement funds. Generally, a contract for the sale of land must comply with the Statute of Frauds. G.L.c. 259, §1. There is a line of cases, however, beginning with Cummings v. Arnold, 44 Mass. 486 (1842), which hold that an oral modification of a contract subject to the Statute of Frauds may be enforced where the modification concerns time of performance, Rex Lumber Co. v. Acton Block Co., 29 Mass.App.Ct. 510, 515 (1990), or manner of performance, McKinley Investments, Inc. v. Middleborough Land, LLC, 62 Mass.App.Ct. 616, 619 (2004). An oral modification cannot be enforced if it results in a “rewriting” of the contract or if it significantly changes the obligations of the parties. Rosenfeld v. Standard Bottling & Extracts Co., 232 Mass. 239 at 244-45; see McKinley, 62 Mass.App.Ct. at 619 (comparing substitute performance and substitute contract).
*254 Here, the oral modification alleged by the defendants substantially changes their obligations, creating a condition that releases them from their contractual obligations. This is not a matter of a change in time of performance or a substitute performance. Rather, it excuses performance. Courts do not exempt this sort of oral modification from the Statute of Frauds.[2]
III. Additional Arguments
The defendants offer several other arguments in support of their position, including a public policy argument and a claim that the Memorandum of Sale should be read broadly enough to allow the defendants to rescind the sale “for any reason.” This court does not find these arguments to be meritorious.
ORDER
For all of the foregoing reasons, the plaintiffs Motion for Summary Judgment on the issue of the defendants’ liability for breach of contract is ALLOWED.

The redemption statute allows a borrower facing foreclosure to prevent the loss of their property by submitting the full amount due on the mortgage to the mortgagee. The right of redemption terminates once the property is sold pursuant to a power of sale.

This court also notes that an oral modification should only be enforced where the modification was willingly made by both parties. Here, Deluca, who clearly wanted this property, had little choice but to “accept” the defendants’ statement that they might rescind the contract. For this reason, too, the alleged modification should not be enforced.