Mass.] SNELL v. ROUSSEAU.  559

Louis Snell *vs.* Henri Rousseau & another.

Bristol. November 10, 1926. — November 24, 1926.

Present: Rugg, C.J., Braley, Pierce, Wait, & Sanderson, JJ.

*Payment,* On open account. *Bills and Notes,* Note as security for open account. *Evidence,* Competency, Admissions, Of attempted compromise.

If, to secure the payment of an open account with a merchant, a customer gives him an indorsed negotiable promissory note and thereafter payments are made upon the account in excess of the amount due at the time when the note was given, the merchant, in the absence of any agreement or direction as to the application of the payments made from time to time except that when made they should be applied to the running account, cannot maintain an action upon the note, since the payments made must be taken to have been applied to the earlier items of the account, and, therefore, to have paid the items which the note was given to secure.

Evidence that, just preceding the trial of an action at law, the defendant asked the plaintiff "whether or not they could settle before they went into court"; that the plaintiff replied: "I will see my lawyer about it"; that the defendant stated "that he couldn't pay the five hundred at one time but would be willing to pay fifty dollars a week," and that the plaintiff said "that he couldn't do a thing until he had seen his attorney," properly may be excluded as not being an admission of liability, but in its nature an offer of compromise seeking delay and change in the terms of the obligation which was the ground of the action.

CONTRACT, by the payee against the maker and the indorser of a negotiable promissory note for $500. Writ in

the Second District Court of Bristol dated November 5, 1921.

On appeal to the Superior Court, the action was heard by *Greenhalge,* J., without a jury. Material findings are described in the opinion. The plaintiff asked for the following rulings:

"1. Upon the evidence in the case judgment should be for the plaintiff.

"2. Upon the weight of evidence judgment should be for the plaintiff.

"3. Upon the law in the case judgment should be for the plaintiff.

"4. The burden of proof is on the defendants to prove by affirmative evidence their plea of payment.

"5. The fact that the payments were made by the Rousseau Baking Company, a corporation, after the note in this case was given is no payment of the note unless the plaintiff intended that said payments should apply as payment of the note.

"6. The fact that there was an open account between the plaintiff and the defendant, Henri Rousseau, and payments have been made by the defendant or someone else on behalf of the defendant on said open account is not payment or part payment of the note in question unless the plaintiff intended that said payment should apply on said note."

The rulings were refused, and the judge found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*M. Entin,* for the plaintiff.

*D. R. Radovsky, H. W. Radovsky, & I. H. Simon,* for the defendant.

PIERCE, J. The plaintiff was a dealer in flour. The defendant Henri Rousseau was a baker, who made purchases of flour from the plaintiff from time to time upon an open account. He made payments irregularly, which were credited on this account; and also, at times, gave notes to the plaintiff, but no credit was given on the account until the notes were paid. On April 18, 1921, the account showed a balance claim against the defendant Henri Rousseau of

$937. On that day Henri Rousseau made and delivered to the plaintiff, as payee, a promissory note indorsed by the defendant Omer Rousseau. This note, which is the note described in the declaration, is a promise to pay to the order of Louis Snell $500. When due the note was duly and properly presented for payment, and the indorser was duly and properly notified. On April 20, 1921, the defendant Henri Rousseau purchased one hundred barrels of flour for $1,200, the account with the last purchase showing an indebtedness of $2,137. Between April 20, 1921, and August 6, 1921, he made payments of $820, including $437 "credited upon the account as 'paid by note.'" On August 6, 1921, the plaintiff transferred the account to the Rousseau Baking Company, a corporation in which the defendant was interested and for which the flour was purchased. Between August 6, 1921, and October 22, 1921, the corporation made payments on the account amounting to $473.08, leaving a balance unpaid of $843.90. Since October 22, 1921, no further payments on the account have been made.

At the hearing without a jury in the Superior Court, the judge "upon all the evidence," found "that the plaintiff did not intend to accept the note [in suit] in payment of an open account or any part of it, and that there was no understanding or agreement between the plaintiff and the defendant or the Rousseau Baking Company as to the application of the payments made from time to time, except that when made, they should be applied to the running account." The judge ruled, subject to exception by the plaintiff, "that where neither the debtor nor the creditor makes a special appropriation of payments at the time when they are made, but they are entered as general credits on the general account, the creditor cannot make a special application of them thereafter to any special part of the account."

The rule as to application of payments in the case of running accounts with many debits and credits is stated by Wells, J., in *Crompton* v. *Pratt*, 105 Mass. 255, at 257, as follows: "The general rule of law, in case of payments

by a debtor to one who is his creditor upon distinct trans-
actions, or for distinct amounts, when neither party makes
an appropriation at the time, is that the payments are
applied by law to the liabilities of earliest date"; and it
was further decided in *Worthley* v. *Emerson,* 116 Mass. 374,
that such payments are to be applied to the earlier items
of the account although for some of these the creditor has
a lien and has none for others. See also *Swett* v. *Boyce,*
134 Mass. 381, 387; and *Cushman* v. *Snow,* 186 Mass. 169.
This application is made by the law because it is most just
and equitable between the parties; and, being in accordance
with the ordinary and usual course of business dealing,
is presumed to be the intentions of the parties. In *United
States* v. *Kirkpatrick,* 9 Wheat. 720, 737, it is said by Story, J.:
"It is certainly too late for either party to claim a right
to make an appropriation, after the controversy has arisen,
and *a fortiori* at the time of the trial." *American Woolen
Co.* v. *Maaget,* 86 Conn. 234, 245. *Stone Co.* v. *Rich,* Ann.
Cas. 1914 C, 244.

Applying the law thus stated to the findings of fact, the
further fact appears that since the date of the note, April 18,
1921, payments on the open account have been made in
excess of the indebtedness of the defendant Henri Rousseau
on that date. It results that the indebtedness for which
the plaintiff held the note in pledge or as collateral security
has been extinguished and discharged, and it follows that
the payment of the account which the note secured dis-
charged the obligation of the maker of the note to the payee
of the note, and revested in him all title to and beneficial
interest in the pledged or collateral security.

Upon the facts, the requested rulings numbered 1, 2, 3,
4, 5, and 6, were inapplicable to the questions of fact in
issue, and were rightly refused. The conversation between
the plaintiff and defendant in the court house on the morn-
ing of the trial, to the effect that the defendant asked the
plaintiff "whether or not they could settle before they went
into court," and the plaintiff replied: "I will see my lawyer
about it"; and the defendant stated "that he couldn't
pay the five hundred at one time but would be willing to

pay fifty dollars a week," and the plaintiff said "that he couldn't do a thing until he had seen his attorney," was properly refused as evidence, on the ground that it was not an admission of liability but was in its nature an offer of compromise seeking delay and change in the terms of the obligations of the note. *Strauss* v. *Skurnik*, 227 Mass. 173.

The finding for the defendant was right.

*Exceptions overruled.*