ETHEL S. GARRETT (FORMERLY ETHEL S. DARLINGTON), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99445. Promulgated December 2, 1941.

*J. Garfield Houston, Esq.*, for the petitioner.
*William A. Schmitt, Esq.*, for the respondent.

OPINION.

DISNEY: The petitioner was the principal beneficiary under the provisions of her husband's will. In years previous to the taxable year, the executors had accumulated from income and had on hand at the beginning of the taxable year, 1934, the sum of $262,436.08. During the taxable year the estate had income of $132,701.73 (in addition to an amount paid to another beneficiary not here involved). During

the taxable year the executors paid petitioner $294,526.45. Thereof $60,000 was paid by voucher marked "Payment on Account of Personalty Income for Year 1934." Of the $60,000 the petitioner reported as income $57,284.47, the remainder not being reported because nontaxable. As to the $60,000, there is no controversy here. The respondent in the deficiency notice took the position that petitioner should have reported the entire $132,701.73, and increased income by $75,417.26, the difference between $57,284.47 and $132,701.73. In other words, the position was taken that the payments to petitioner in the taxable year were from the income of the estate for that year; whereas the petitioner contends that, except for the $60,000, the payments to her were from the income of the estate for previous years, as to which the executors had reported on Federal income tax returns, and that therefore she is not taxable thereon for 1934.

Although there is some confusion in the briefs as to exactly what constitutes the issue presented to us, upon review of all that is said thereon, we conclude that, as petitioner points out and agrees, the respondent correctly framed the issue in the following language:

The question recurs, were the payments made to the beneficiary in 1934 *from income* of the taxable year or prior years—not whether income was or was not paid or credited during the taxable year. It is stipulated that certain payments were in fact actually made during 1934, as hereinabove narrated—but from what source, is the question at issue.

What then is the source of the payments by the executors in 1934? Section 162 (b) and (c) of the Revenue Act of 1934 [1] is involved. We are not sure, from the briefs, whether the respondent contends for the application of section 162 (b). At any rate, in our opinion, that subsection is not applicable here, for no provision of the will authorizes or requires that income "be distributed currently by the fiduciary", in the language of that subsection, at least so far as the *executors* are concerned; and the trustees are not here involved,

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

since they were not to receive the residue of the estate until the end of administration, and the trust was not set up until March 28, 1935, upon which date by final decree of the Probate Court the residuary estate was awarded to the testamentary trustees. We therefore need not consider the trust, but only the estate in the hands of the executors. Subsection 162 (c) provides that in case of income received by estates of deceased persons during the period of administration, the estate in computing net income, may deduct the amount of the income for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but such amount shall be included in computation of the net income of the recipient. Was the petitioner such recipient of the income of the estate for the taxable year? In paying her, the executors attempted to identify the payments as from income of previous years, paying $110,000 by vouchers marked "Payment on account of 1932 Income Collected" and $124,526.45 by a voucher marked "Payment in full of Balance of Personalty Income for Year 1933." In *Clara Louise Flinn*, 37 B. T. A. 1085 (1096), referring to a distribution to a beneficiary under section 162 of the Revenue Act of 1932, we said:

* * * The distribution of $22,500 appears to have been made out of trust income of earlier years and is not properly taxable at the time of actual distribution in 1933. * * *

As to another distribution, we held that nothing appeared requiring the exclusion thereof from the individual's income. It thus appears that the question is one of fact as to whether the disbursement is, or is not, from the income of earlier years, or of the taxable year. The respondent argues that the petitioner can not prove that the distribution was from pre-1934 estate income merely by so stating upon the vouchers paying same. The petitioner points out, however, that the evidence is not so limited, but that it is stipulated:

The Union Trust Company of Pittsburgh, one of the said executors, kept the books and records for the estate. It maintained separate book accounts for income and principal. The income account shows in detail the items of income received in each year and the disbursements therefrom to the beneficiaries.

Petitioner also contends that the evidence now before the Board shows that the executor was able to, and did identify the source of the payments of income made to the beneficiaries in 1934. We think that petitioner's position should be sustained. Though the bank account from which the payments were made and the other accounts reflecting the condition of the estate were running accounts, running throughout 1932, 1933, and 1934, nevertheless they were balanced daily, and the financial condition of the estate, including amount of income on hand, was ascertainable at the end of each year. Therefore at the time of the payments in 1934, here in question, the executor was able to ascertain the condition of the preceding years as to

income. With that knowledge the executor attempted to identify the payments made, as from income of 1932 and 1933, by notation on the vouchers and, in accord therewith, upon the books of account. In our opinion it can not soundly be said, that under such evidence, there was not sufficient identification. The respondent argues that the payments are from income of 1934, to the extent thereof. In this matter, we have no statutory mandate that payments made are from most recently accumulated income, as in case of dividends under section 115 (b) of the various revenue acts covering all years here involved; so we see no reason for so presuming except such as arises from presumption of correctness of the respondent's determination. Evidence was offered to overcome such presumption. Though of course not conclusive, the facts as to book entries are evidential. *Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179. They have been given evidential value in determining questions of tax. *Commissioner* v. *Brier Hill Collieries*, 50 Fed. (2d) 777; *Wessel* v. *United States*, 49 Fed. (2d) 137; and we have said that evidence of book values constitutes a prima facie showing by the petitioner. *B. F. Edwards*, 39 B. T. A. 735. See also *Frank C. Rand*, 40 B. T. A. 233. The executor had accumulated income in all of the years, and was obligated to the petitioner therefor, in that, though not required to pay income to her currently, there was testamentary requirement that such income be distributed to trustees, in trust to pay the entire income to the petitioner during her life, save only a comparatively small amount to her mother. The executor, in such position, attempted to identify payments made by it, as from a certain source or upon a certain obligation, that is, as paying income accumulated in 1932 and 1933. In general, a debtor may designate his debts and apply payments thereto.

Moreover, in case of more than one debt owed, payment is presumed made upon or applied upon the oldest item, 48 Corpus Juris 707; and the creditor must show that payment was not upon the oldest item. *Rickerson Roller-Mill Co.* v. *Farrel Foundry & Machine Co.*, 75 Fed. 554. "Application of payments to liabilities of earliest date, being in accordance with ordinary and usual course of business dealing, is presumed to be intention of parties." *Snell* v. *Rousseau*, 257 Mass. 559; 154 N. E. 70. We think that the executor here is in a position not essentially different from that of the ordinary debtor, that some presumption arises that payment was from funds first obligated, and that, as in case of the ordinary debtor, entries on vouchers and books are evidence of application of payment to certain obligation or source of payment. Book entries are admissible to show payment on principal and not interest. *McAllister* v. *Chambers*, 129 Pac. 85. The petitioner, accepting and cashing such vouchers, could not successfully contend that she had received income from years other than

those indicated by the vouchers. In other words, the identification is binding upon her. We think it is likewise sufficient in her favor.

In *Holbrook* v. *Moore*, 293 Fed. 264, the question was whether the petitioner received income from a corporation prior to March 1, 1913, or thereafter, and credits to him upon the corporation's books were received in evidence on the point apparently without dispute. In various cases involving accrued compensation from corporations entries on corporate books have been received in evidence, e. g., *Mossman, Yarnelle & Co.*, 9 B. T. A. 45. We can not think that where as here the question is in one sense one of application of payment, such entries are not sufficient. Respondent's view that the entries were self-serving evidence can not be sustained. They were not the acts of the petitioner, the person offering them, but of the executor, a different taxable entity; moreover, nothing in the record indicates that they were self-serving to the executor, but rather to the contrary, since they would tend to cause taxation of the estate upon the income of 1934, to the extent not paid or credited to the beneficiary. We conclude and hold that the petitioner adduced evidence competent and adequate to identify the sums paid in 1934, here in question, as paid from income of 1932 and 1933.

The respondent argues, however, in effect, that such earlier income is not tax-free, as contended by the petitioner, for the reason that to so hold would result in double deduction, the executor having had deductions in 1932 and 1933. Such view can not be sustained, first, because the deduction in 1932 and 1933 was not that of the taxpayer, but of the executor, and, second, because even the executor in those years was allowed no deduction for sums paid or credited to the petitioner as beneficiary. The deduction then allowed was for other items, largely payment of estate and inheritance taxes, and none was claimed by the executor for payments or credits to the beneficiary, because there were no such payments or credits, so far as here concerned. Respondent's argument, if followed, would tax the petitioner, in 1934, merely because in 1932 and 1933 the then statute, unlike that of 1934, allowed deduction by the executor of certain other items, particularly inheritance and estate taxes. We find no double deduction, or reason based thereon, for considering the payments in 1934 as taxable to the petitioner. Where the income is properly in gross income of the estate and not charged to the beneficiary, it may not thereafter be included in the gross income of the beneficiary. *Elnora C. Haag*, 19 B. T. A. 982.

The respondent suggests that the petitioner was entitled, under the will, to all of the income, and that the executors had no right to accumulate it. We understand this to mean, in effect, that, since she received in 1934 an amount within the income of the estate for that year, and the executors had no right to accumulate income, she there-

fore necessarily received the estate income of 1934 and not of earlier years. We think such contention is not well founded. The executors were not required to pay the petitioner currently, or by years—either by the will or the law of Pennsylvania. Respondent on brief agrees that under such law presumably an executor can not be compelled to distribute assets during the settlement of the estate, within reasonable limits; but suggests that he can set up proper book entries, segregate specific funds, and take credit without actually paying out the money, from which we assume it is contended that the petitioner has a right to such credit, and if she actually receives payment, receives it from current income. In *Commissioner* v. *Stearns*, 65 Fed. (2d) 371, it is held that, under section 162 of the Revenue Act of 1928, "credit" means allotment to the beneficiary beyond recall, and for practical purposes means payment. In our opinion the petitioner had no right to such credit prior to settlement of the estate by the court, and therefore the fact of payment does not, on such ground, indicate payment from current income.

We conclude and hold that the respondent erred in including the payments in 1934 above·$60,000 in petitioner's income in arriving at the deficiency.

*Decision will be entered under Rule 50.*