Elizabeth T. Jones, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 107485.    Promulgated January 26, 1943.

*Harry J. Alker, Jr., Esq.,* for the petitioner.
*Paul E. Waring, Esq.,* for the respondent.

## OPINION.

HARRON, *Judge:* The question arises under section 162 (a) of the Revenue Act of 1936,[1] which is set forth below. The statute provides that "there shall be allowed" the amount of the income of the estate for its taxable year "which is properly paid or credited during such year to any legatee, heir, or beneficiary" as a deduction in computing the net income of the estate. It provides, also, that the amount so allowed as a deduction shall be included in computing the net income of the heir or legatee. The purpose of the enactment of the original provision in the Revenue Act of 1924 (section 219 (b) (3) of that act being the same as section 162 (c) of the 1936 Act), is stated to have been to prevent the evasion of the taxes by estates and trusts. 68th Cong., 1st sess., Rept. No. 179, p. 21, Ways and Means Committee; Rept. No. 398, p. 25, Finance Committee.

The same question was involved in *Ethel S. Garrett*, 45 B. T. A. 848. Petitioner contends that the same result should be reached here. We do not agree with this contention.

---

[1] (c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

Perhaps one reason for the difficulty which is inherent in the problem presented is that in neither this case nor the *Garrett* case were the executors directed in any way by a testamentary, court, or statutory direction to pay the heir, the decedent's widow, any particular sum per year during the administration of the estate. At the hearing in this proceeding petitioner's counsel stated that the family of the decedent was entitled to $500 only, under Pennsylvania statute, during the period of administration of the trust. Counsel has not briefed the point, but see Purdon's Pennsylvania Statutes, Title 20, secs. 471, 480, on the point of the $500 allowance. Petitioner concedes that it was entirely within the discretion of the executors to determine what amount, if any, they would allow to petitioner in each year of the administration of the estate for her support. This situation makes the problem a special one, no doubt, and our considerations are, of course, limited to the problem as it is thus presented.

Under section 162 (c) each year, clearly, stands alone. Where there is some external direction as to the amount in each year which is to be paid or credited to a beneficiary, the deduction allowable to the estate and the amount to be reported by the beneficiary are clear. But where no such external direction exists and it is only the determination of the executor which fixes the amount properly to be paid to a beneficiary each year, during the period of administration, then there should be proof to show what the executor determined. If he made no determination capable of being proved by concrete evidence, it will be difficult to overcome the *prima facie* correctness of the respondent's determination.

No evidence has been presented to show what amount of income of the estate for the year 1937 was properly paid to petitioner. It appears that the executors, themselves, did not make a definitive determination of that matter. If that is true, the pattern of section 162 (c) was not observed. Estates are subject to claims of creditors during the period of administration, as well as to other claims. Here, there was no testamentary direction that the petitioner was to receive all of the net income of the estate, annually, during the period of administration. Even though the executors had the discretion to determine what amount might be paid to petitioner, it is reasonable to assume that their discretion was to be exercised in some orderly way, and that in each year they should arrive at some definite determination in the matter for the practical reason that, presumably, they had to provide for payments to creditors and others as well as to the petitioner.

Under section 162 (c) the tax of an estate upon the estate income is to be borne by the estate except for the income which is *properly*

paid or credited each year to a beneficiary. The word "properly" has some significance. The executors of the estate involved here appear to have attached none to that word. When they discussed the matter of making payments for 1937 to petitioner, their thought was only that the 1936 accumulation of income should be exhausted before applying any of the 1937 income to petitioner's use. It was to be set aside "theoretically." While that view may have been satisfactory to the executors in so far as their administration of the estate was concerned, it did not give consideration to the need for arriving at some definite determination of the amount of the 1937 income which could be paid, properly, to petitioner. The executors apparently let the matter of the 1937 allowance to petitioner out of 1937 estate income rest, subject to meeting periodic requests of petitioner. In addition, they did nothing to segregate or earmark their disbursements as charges against the income of the current year or the preceding year. In this situation petitioner is wholly unable to establish that the respondent's determination is wrong.

For the year 1936 the executors paid petitioner $11,000 out of the 1936 estate income and they did not credit her with anything over the amount paid. During 1937 the income of the estate was $45,806.80. Petitioner is required to pay tax on that amount of the 1937 estate income which was properly paid or credited to her. Of the $49,000 paid to her during 1937, the 1937 current income available for the periodic payments to petitioner aggregated $32,749.16. Respondent has not determined that such amount was not *properly* paid to petitioner out of 1937 estate income, but, assuming that it was a proper amount to be paid to her, he has determined that it was, in fact, paid out of 1937 income. Petitioner has failed completely in establishing anything to the contrary.

Where the income of an estate for its taxable year covers the amount paid to a beneficiary during the year, and there is no proof that the proper amount to be paid to him out of current income is of a lesser amount, so that the difference necessarily has been paid out of the accumulated income of a prior year, whether or not such proof is made by showing the earmarking of funds or by some other evidence, then it must be held that the respondent's determination that the entire payment was out of current income is correct. Also, the proof must consist of some more substantial evidence than a mere intent of the executors, or an oral understanding between them alone.

It is held that the entire amount of $32,749.16 was paid to petitioner out of the 1937 income of the estate, of which $1,300.03 is nontaxable income, as respondent has determined.

*Decision will be entered for the respondent.*